BABCOCK & WILCOX CO. v. MOSHER et al.

(Circuit Court, S. D. New York. March 31, 1911.)

SPECIFIC PERFORMANCE (§ 116½*)—PLEADING—ANSWERS—AMENDMENT—INCON-SISTENT DEFENSES.

Where in a suit for specific performance of a contract to assign improvement patents, defendant answered alleging that the patents in question were not for improvements, but for separate and distinct inventions, and admitting that they had not disclosed the patents to complainants, defendants were not entitled, after the commencement of the taking of prima facie proofs, to have leave to amend so as to allege the inconsistent defense that defendants had disclosed the subsequent patents to complainant's assignor, who declined to receive them, admitting as to some of them that they were not for improvements, and for this reason complainants were estopped to maintain a suit for specific performance.

[Ed. Note.—For other cases, see Specific Performance, Dec. Dig. § 116½.*]

Bill by the Babcock & Wilcox Company against Charles D. Mosher and Mosher Water Tube Boiler Company. Replications were filed July 2, 1910, and the taking of prima facie proofs was commenced August 26th following. On motion to amend answers filed June 6, 1910. Denied.

Gifford & Bull, for complainant.
McCurdy & Yard (Louis F. Doyle), for defendants.

COXE, Circuit Judge. The bill was filed to enforce specific performance of an agreement entered into between Charles D. Mosher

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and James M. Dodge, whereby the former, on December 15, 1894, assigned to the latter his patent No. 525,856 for a boiler or steam generator. Mosher also agreed to assign to Dodge "his heirs, executors, administrators and assigns" any improvements which he has made or may hereafter make upon the type of boiler covered by the said patent and all patents which may be granted for such improvements.

Thereafter patents were granted to Mosher which were assigned by him to the defendant corporation. The complainants who succeed to the rights of Dodge assert that these patents are all for improvements upon the invention described and claimed in No. 525,856. Manifestly, then, the important, if not the only, question between the parties is whether the subsequent patents cover improvements. If so, they belong to complainant, who is entitled to a specific performance of Mosher's agreement to assign them. If, on the contrary, these patents are not for improvements but for separate and distinct inventions, complainant has no right to them. The answers, which are signed by experienced patent solicitors and counsel, clearly present this issue.

The amended answers propose to substitute for this defense a new, inconsistent and contradictory defense to the effect that the subsequent patents were disclosed by Mosher to Dodge who declined to receive them, admitting, as to some of them, that they were not for improvements. The proposed amended answers aver that the complainant is now estopped from asserting that the subsequent patents were for improvements. This position is in flat contradiction of the averment in the answers that:

"This defendant further admits that he did not communicate the invention or improvement shown and covered by the said letters patent * * * to said James M. Dodge or his assigns at the time that he, the said Mosher, made the same or at any other time."

The long delay, insufficiently excused, would be a proper reason for refusing the amendments, but I prefer to rest my opinion upon the principle that parties should not be permitted, unless for some extraordinary reason not here present, to interpose new defenses which are antagonistic to those already in the case. In other words, an amendment should not be permitted which must be false if the original pleading be true.

The entire subject is admirably covered by Judge Story's opinion in Smith v. Babcock, 3 Sumn. 583, Fed. Cas. No. 13,008.

The answers as filed give the defendants ample opportunity to prove their real defense, viz., that the patents in controversy are not within the provisions of the assignment of December 15, 1894.

The motions to amend are denied.